# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CONNIE PEREZ, ET AL.,

    Plaintiffs,

v.

FIRST FLEET, INC., ET AL.,

    Defendants.

Case No.: 2:19-cv-00755-KJD-DJA

**Order**

Pending before the Court is Plaintiffs' Motion for Extension of Time for Service of Summons and Complaint on Defendant Dean Eakins and for Service by Publication (ECF No. 26), filed on October 24, 2019. The Motion requests that Plaintiffs be allowed to serve Defendant Dean Eakins by publication. In doing so, Plaintiffs argue that such service is needed because (1) they have identified four possible addresses, (2) attempted service on two of the addresses including the best possible match 12 times, and (3) have no other way to determine the whereabouts of Eakins. (ECF No. 26, 3-4).

Plaintiffs request a ninety (90) day extension of time to serve under Fed.R.Civ.P. 4(m), which expired on October 28, 2019. Rule 4m states:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041(9th Cir.2003). The 120–day period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district

1

court after the 120–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed.R.Civ.P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337.

The Court has little difficulty finding good cause for the requested extension. The exhibits attached from Plaintiffs' process server (ECF No. 26, 10-15) provide a detailed breakdown of the many efforts that have been made to effectuate service in this matter. Thus, the request for ninety (90) additional days to complete service is granted.

Plaintiffs' also request service by publication. Fed. R. Civ. P. 4(e)(1) addresses service by publication in federal actions. Rule 4(e)(1) states that an individual may be served by following state law for serving summons in an action brought in courts of general jurisdictions in the state where the district court is located, or where service is made. Nevada Rules of Civil Procedure 4.4(c) and 4.4(c) subsections (1), (2), (3), and (4) govern service by publication as an alternative method of service. The current version of Nevada Rule reads in pertinent part as follows:

> 4.4(c) Service by Publication. If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service to be made by publication.
>
> 4.4(c)(1) Conditions for Publication. Service by publication may only be ordered when the defendant
>
> > (A) cannot, after due diligence, be found;
> > (B) by concealment seeks to avoid service of the summons and complaint; or
> > (C) is an absent or unknown person in an action involving real or person property under Rule 4.4(c)(3).

2

4.4(c)(2) Motion Seeking Publication. A motion seeking an order for service by publication must:

    (A) through pleadings or other evidence establish that:
        (i) a cause of action exists against the defendant who is to be served; and
        (ii) the defendant is necessary or proper party to the action;
    (B) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate the defendant;
    (C) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
    (D) suggest one or more newspapers or other periodicals that are reasonably calculated to give the defendant actual notice of the proceedings; and
    (E) if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
        (i) the defendant's last-known address
        (ii) the date during which the defendant resided at that location; and
        (iii) confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

4.4(c)(4) The Order for Service by Publication.

    (A) In order for service by publication, the court must direct publication to be made in one or more newspapers or other periodicals published in Nevada; in the state, territory, or foreign country where the defendant is believed to be located; or any combination of locations. The court's designated location must be reasonably calculated to give the defendant actual notice of the proceeding. The service must be published at least once a week for a period of four weeks.
    (B) If publication is ordered and the plaintiff is aware of the defendant's last-known address, the plaintiff must also mail a copy of the summons and complaint to the defendant's last known address. The court may also order that additional notice be sent under Rule 4.4(d).
    (C) Service by publication is complete four weeks from the later of:
        (i) The date of the first publication; or
        (iii) the mailing of the summons and complaint, if mailing is ordered.

For a party to move for service by publication, the party must establish the service methods in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable. NRCP 4.4 (c). Rules 4.2 and 4.3 pertain to personal service within Nevada, and personal service outside Nevada, respectively. Rule 4.4(a) and (b) cover statutory service and court-ordered service, respectively. The Court finds that Plaintiffs' request to serve by publication is appropriate because the service methods established by Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable in this case.

For the Court to determine if service by publication itself is appropriate, there are two key factors to consider. The first is whether plaintiffs exercised due diligence in attempting to effect personal service on defendant (NRCP 4.4(c)(1)), and the second is whether the newspaper or periodical plaintiffs is attempting to publish in is reasonably calculated to give the defendant actual notice of the proceedings. NRCP 4.4(c)(2)(D).

Here, the Court finds that Plaintiffs have exercised due diligence in their attempted personal service of Eakins. They utilized a process service to identify the best possible match and second best possible match for addresses; they confirmed the best possible match was not the correct address and attempted service 12 times at the second best possible match. (ECF No. 26, 4). Additionally, Eakins appears to be aware of the existence of this action as counsel for Defendant First Fleet, Inc. represented that if Eakins is served, he plans to file an Answer on his behalf. (ECF No. 26, 41).

However, Plaintiffs do not identify which newspaper or periodical Plaintiff will seek to utilize service by publication. As this is required by the Rule, the Plaintiffs shall file a notice within seven (7) days of the issuance of this order identifying the publications in the newspaper(s) or periodical(s) Plaintiffs will publish in. The Court notes that Plaintiffs indicate that they have information that may suggest Eakins resides in Arizona. So, Plaintiffs must ensure that the publications selected are reasonably calculated to give Eakins actual notice of the proceedings.

Plaintiffs' counsel also seeks to withdraw from representation of two of the three Plaintiffs – Connie Perez and Ramiro Lopez. (ECF No. 27). He indicates that all efforts to contact those Plaintiffs have been unsuccessful. (*Id.*). Pursuant to Local Rule ("LR") IA 11-6, "[n]o attorney may withdraw after appearing in a case except by leave of Court after notice has been served on the affected client and opposing counsel." *See* LR IA 11-6(b). Having reviewed the motion, the Court finds that requirements of LR IA 11-6(b) have been met. The Court will require that Plaintiffs Connie Perez and Ramiro Lopez notify the Court by November 22, 2019 as to their intent to proceed pro se or with other representation. Failure to do so may result in dispositive sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Extension of Time for Service of Summons and Complaint on Defendant Dean Eakins and for Service by Publication (ECF No. 26) is **granted**.

**IT IS FURTHER ORDERED** that the time for service under Fed.R.Civ.P. 4(m) is extended to **January 27, 2020** for Plaintiffs to effectuate service on Defendant Dean Eakins.

**IT IS FURTHER ORDERED** that Plaintiffs may effective service by publication, but must file a notice with the Court within 7 days of the publications in the newspaper(s) or periodical(s) Plaintiffs will publish in that are reasonably calculated to give Defendant Dean Eakins actual notice of the proceedings.

**IT IS FURTHER ORDERED** that Plaintiff Counsel's Motion to Withdraw as Counsel for Plaintiffs Ramiro Lopez and Miguel Pedroza is **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs Ramiro Lopez and Miguel Pedroza shall notify the Court as to whether they intend to proceed pro se or retain counsel by **November 22, 2019**. Failure to notify the Court as to their representation status may subject them to dispositive sanctions, including a recommendation for dismissal of this action.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall add the last known addresses of Plaintiffs Ramiro Lopez and Miguel Pedroza to the civil docket and send a copy of this Order to Defendants' last known addresses:

| | |
|---|---|
| Ramiro Lopez | Miguel Pedroza |
| 3515 East Tonopah | 3515 East Tonopah |
| Las Vegas, NV 89030 | Las Vegas, NV 89030 |

Dated: November 1, 2019.

**Daniel J. Albregts**
**United States Magistrate Judge**